1
2
3
4
5
6
7
8
9
10

**IN THE UNITED STATES DISTRICT COURT**

11

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

12
13  ROBERT ROY MARTINEZ,                   11-cv-2061 AWI GSA
14                    Plaintiff,
15  vs.                                    **ORDER DISMISSING PLAINTIFF'S**
                                           **AMENDED COMPLAINT WITH LEAVE**
16                                         **TO AMEND**
    BANK OF AMERICA, CORPORATION
17  a Corporation; BANK OF AMERICA, N.A.;
    SUCCESSOR BY MERGER TO BAC
18  HOME LOANS SERVICING;
    COUNTRYWIDE FINANCIAL
19  CORPORATION, a Corporation;
    COUNTRYWIDE HOME LOANS
20  SERVICING, LP; AMERICA'S
    WHOLESALE LENDER; QUALITY
21  LOAN SERVICE CORPORATION, a
    Corporation; MORTGAGE ELECTRONIC
22  REGISTRATION SYSTEMS, INC.;
    FEDERAL HOME LOAN MORTGAGE
23  CORPORATION, a Corporation,
24                    Defendants.
    _____/
25
    **A.    Introduction**
26
            On December 14, 2011, Plaintiff filed a complaint against Defendants Bank of America
27
    Corporation; Bank of America, N.A.; Countrywide Financial; America's Wholesale Lender; Quality
28

1

1   Loan Service Corporation; Mortgage Electronic Registration Systems, Inc. ("MERS"); and Federal

2   Home Loan Mortgage Corporation (Collectively "Defendants"), alleging unlawful mortgage

3   practices and the unlawful foreclosure of his home.   (Doc. 1).  Plaintiff was granted in forma

4   pauperis status and was advised that his complaint would be screened by the Court in due course.

5           Subsequently, Plaintiff filed an identical complaint entitled "Amended Complaint for

6   Damages" on December 15, 2011, naming the same Defendants and alleging the same causes of

7   action.  (Doc. 3).  Prior to the issuance of any summons by this Court, on February 16, 2012,

8   Defendants Bank of America, N.A., erroneously sued as Bank of America Corporation; Bank of

9   America, N.A., successor by merger to BAC Home Loans Servicing, LP *fka* Countrywide Home

10  Servicing, LP (simply "BANA"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and

11  Federal Home Loan Mortgage Corporation ("Freddie Mac") filed a Motion to Dismiss Plaintiff's

12  complaint. (Doc. 10).  On March 7, 2012, Chief Judge Anthony Ishii referred Defendants' motion to

13  this Court for consideration, as well as to allow this Court to screen Plaintiff's complaint.  Upon a

14  review of the procedural posture of this case, the Court has determined that screening Plaintiff's

15  complaint is the most efficient use of judicial resources.[1]

16  **B.      The Screening Standard**

17          Pursuant to  28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint

18  for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court

19  determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief

20  may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28

21  U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend

22  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

23          A complaint must contain "a short and plain statement of the claim showing that the pleader

24  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

25  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

26  do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing  *Bell Atlantic Corp. v.*

27

28          [1] Defendants' Motion to Dismiss filed on February 16, 2012, will be addressed in a separate order.

1  *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient

2  factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at

3  1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal

4  conclusion are not.  *Id*. at 1949.

5      In reviewing a complaint under this standard, the Court must accept as true the allegations of

6  the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976),

7  construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*,

8  213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v.*

9  *McKeithen*, 395 U.S. 411, 421 (1969).

10  **C.    Plaintiff's Claims**

11      In the amended complaint, Plaintiff challenges the foreclosure of his home located at 1119

12  Sequoia Avenue in Fowler, California  93625. (Doc. 3).  Specifically, Plaintiff contends *inter alia*,

13  that Defendants do not hold the note or deed of his home, that Defendants have not properly

14  complied with the disclosure requirements of a foreclosure, that MERS is used by Defendants to

15  facilitate unlawful mortgage transfers and it is improperly listed as the beneficiary of mortgages, and

16  that Defendants intentionally engaged in a scheme to fund mortgages at highly inflated and

17  unsustainable values.  In doing so, Defendants engaged fraudulent and deceitful lending practices.

18      As a result, Plaintiff alleges seven causes of action including: rescission, fraudulent

19  concealment, intentional misrepresentation, invasion of privacy under Article I of the California

20  Constitution, injunctive relief for a violation of California Civil Code § 2923.5, a violation of

21  California Civil Code § 1789.82, and wrongful foreclosure under California Civil Code § 2924.  All

22  of these causes action will be addressed in greater detail below.[2]  Plaintiff is seeking general, special,

23  statutory and exemplary damages, punitive damages, injunctive relief, costs, pre- and post-judgment

24

25

26

27  [2]  The Court notes that the causes of action listed in the heading of Plaintiff's amended complaint are different than those listed in the body of the complaint.  Moreover, the causes of action in the body of the amended complaint are

28  misnumbered.  Due to these inconsistencies, the Court will only address those causes of action outlined in the body of Plaintiff's amended complaint.

3

1  interest, and other just relief.[3]

2  **D.      Discussion**

3                              *Failure To Satisfy Fed.R.Civ.P. 8*

4           The complaint is subject to attack for failure to satisfy the requirements of Fed.R.Civ.P. 8,

5  which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim,

6  identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie

7  case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).  F.R.Civ.P. 8(d)(1)

8  requires each allegation to be "simple, concise, and direct."  This requirement "applies to good

9  claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)."  *McHenry v.*

10  *Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Something labeled a complaint but written more as a

11  press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom

12  plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."

13  *McHenry*, 84 F.3d at 1180.  "Prolix, confusing complaints . . . impose unfair burdens on litigants and

14  judges." *McHenry*, 84 F.3d at 1179.

15           Moreover, a pleading may not simply allege a wrong has been committed and demand relief.

16  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

17  "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475,

18  1481 (9th Cir. 1997).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a

19  complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v.*

20  *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least

21  some degree of particularity overt facts which defendant engaged in to support plaintiff's claim.

22  *Jones*, 733 F.2d at 649.   A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of

23  'further factual enhancement.'" *Iqbal*, 556 U.S.662, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S.

24  at 557, 127 S.Ct. 1955).  The U.S. Supreme Court has explained:

25           While, for most types of cases, the Federal Rules eliminated the cumbersome
         requirement that a claimant "set out in detail the facts upon which he bases his claim,"
26         *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis

27  ──────────────

28          [3] Punitive damages are not contained in Plaintiff's request for relief, but the amended complaint does reference this relief request in the body of the pleading.  Therefore, this request for damages will be addressed accordingly.

4

1   added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of
    entitlement to relief. Without some factual allegation in the complaint, it is hard to see
2   how a claimant could satisfy the requirement of providing not only "fair notice" of the
    nature of the claim, but also "grounds" on which the claim rests.
3
    *Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.
4
5        The amended complaint fails to satisfy Fed. R. Civ. P. 8.  As discussed in greater detail

6   below, the pleading lacks facts to support claims or valid, cognizable legal theories.  Accordingly,

7   Plaintiff's amended complaint will be dismissed but Plaintiff will be given leave to amend and file a

8   second amended complaint.  Plaintiff will be provided with some legal standards he should consider

9   when deciding whether to pursue the various causes of action in any amended pleading.

                            ***Failure To Tender Indebtedness***
10
11       As a preliminary matter, the amended complaint fails to state any causes of action as Plaintiff

12  has failed to make actual tender.  "A tender is an offer of performance made with the intent to

13  extinguish the obligation."  *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205

14  Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21

15  Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971)).  "A tender must be one of full performance . . . and

16  must be unconditional to be valid."  *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15.

17  "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the

18  debtor must at his peril offer the full amount."  *Rauer's Law etc. Co. v. S. Proctor Co.,* 40 Cal.App.

19  524, 525, 181 P. 71 (1919).

20       The "law is long-established that a trustor or his successor must tender the obligation in full

21  as a prerequisite to challenge of the foreclosure sale."  *United States Cold Storage v. Great Western*

22  *Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1222, 212 Cal.Rptr. 232 (1985).  A defaulted borrower

23  is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain

24  any cause of action for irregularity in the sale procedure."  *Abdallah v. United Savings Bank*, 43

25  Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746

26  (1997).  "A party may not without payment of the debt, enjoin a sale by a trustee under a power

27  conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though

28  the statute of limitations has run against the indebtedness."  *Sipe v. McKenna*, 88 Cal.App.2d 1001,

1006, 200 P.2d 61 (1948).

In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495). Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing several cases). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."

1   *Karlsen,* 15 Cal.App.3d at 117,  92 Cal.Rptr. 851.  Analyzing "trust deed nonjudicial foreclosure

2   sales issues in the context of common law contract principles" is "unhelpful" given "the

3   comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v.*

4   *Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

5          "The rules which govern tenders are strict and are strictly applied."  *Nguyen v. Calhoun*, 105

6   Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003).  "The tenderer must do and offer everything that

7   is necessary on his part to complete the transaction, and must fairly make known his purpose without

8   ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is

9   made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal. App.3d

10  1154, 1165, 246 Cal.Rptr. 421 (1988).   The debtor bears "responsibility to make an unambiguous

11  tender of the entire amount due or else suffer the consequence that the tender is of no effect."

12  *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

13         The amended complaint does not reference Mr. Martinez's tender of indebtedness or

14  meaningful ability to do so.  Without Plaintiff's meaningful tender, he cannot state any claims.

15  Accordingly, any second amended complaint shall contain allegations to address this deficiency.[4]

16                                        ***Rescission***

17         The basis of this cause of action is not entirely clear from the amended complaint.  However,

18  Plaintiff alleges that he "entered into an eminent default loan, called a no documentation, no asset

19  loan on the mistaken belief that he would have a borrower/lender relationship." (Doc. 3 at pg. 20,  ¶

20  66).  He contends that the lenders knew the loan was set up to fail because there was no

21  borrower/lender relationship.  (Doc. 3 at pg. 20 at  ¶ 67).  Moreover, Defendants withheld material

22  information regarding the loan and they knew at the time that Plaintiff did not understand that

23  _____

24         [4]  The Court notes that in Plaintiff's opposition to Defendants' Motion to Dismiss Plaintiff references the fact that
    he is not required to tender because he brings a cause of action under California Civil Code section 2923.5.  Plaintiff is
25  advised that as outlined in this order, that is not a viable defense. (Doc. 16).  Moreover, his argument that the tender rule does
    not apply because there was no valid contract is not persuasive for the reasons set forth above.  In his opposition, Plaintiff
26  also contends that he has title insurance that covers the tender rule.  Plaintiff is advised that the Court is not persuaded that
    this statement is legally sufficient as Plaintiff has not provided any facts to support this claim.  Rather, it is mere speculation
27  that the title insurer is ready, willing and able to tender the loan.  A tender must be one of full performance and must be
    unconditional to be valid.  *Arnolds Management*, 158 Cal. App. 3d at 580.  Plaintiff's second amended complaint must
28  address these issues.  Failure to do so may result in dismissal of any pleading without leave to amend.

1  "securitization of the loan would destroy the lender/borrower relationship."  (Doc. 3 at pg 21,  ¶ 70).

2  As such, Mr. Martinez alleges there was a material mistake in the formation of the contract which

3  renders the loan void and unenforceable.  He requests $75,000.00 in damages.  (Doc. 3 at pg. 21, ¶

4  71).

5       Plaintiff is advised that the allegations for this cause of action are not clear and do not comply

6  with Rule 8.  Any amended complaint must clearly outline what the allegations are and the legal

7  basis for any such claims.  Moreover, Plaintiff is advised that this claim may be time barred as the

8  amended complaint indicates that the mortgage in question was taken out in April 2006.  The buyers

9  remorse provision under the Truth and Lending Act allows a customer three business days, without

10 penalty to rescind a credit transaction, that uses his principal home as security.  *Hefferman v. Bitton*,

11 882 F. 2d 379, 383 (9th Cir. 1989) (citing 15 U.S.C. sec. 1635).   For transactions subject to the

12 rescission provision, the creditor is required to " deliver two copies of the notice of the right rescind

13 to each customer entitled to rescind."  12 C.F.R. § 226.23(a)(3); *see also*, 15 U.S.C. § 1635(a).

14 Here, Plaintiff brings his claims well past the three-day deadline.

15       Finally, Plaintiff's cause of action for rescission appears to be based on mistake and/or fraud.

16 The Federal Rules of Civil Procedure require that "in all averments of fraud or mistake, the

17 circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P.

18 9(b). To comply with Rule 9(b), allegations of fraud must "be specific enough to give defendants

19 notice of the particular misconduct which is alleged to constitute the fraud charged so that they can

20 defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford*

21 *Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.2009); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097,

22 1106 (9th Cir. 2003). "[A] plaintiff must set forth more than the neutral facts necessary to identify

23 the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it

24 is false." *Vess*, 317 F.3d at 1106. Thus, allegations of fraud should specifically include "an account

25 of the time, place, and specific content of the false representations as well as the identities of the

26 parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Stated

27 differently, the complaint must identify "the who, what, when, where, and how" of the fraud. *Kearns*,

28 567 F.3d at 1124. Also, "Rule 9(b) does not allow a complaint to merely lump multiple defendants

8

together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at 764–65. That is, where there are multiple defendants, "a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Id*. at 765.  Plaintiff's amended complaint fails to do so.

### *State Law Fraud Claims*

Plaintiff alleges causes of action for fraudulent concealment and intentional misrepresentation.  Similar to the federal standards for fraud, California pleading requirements for fraud, misrepresentation and concealment "must be pled specifically; general and conclusory allegations do not suffice. Thus, the policy of liberal construction of the pleadings ... will not ordinarily be invoked to sustain a pleading defective in any material respect. This particularity requirement necessitates pleading facts which 'show how, when, where, to whom, and by what means the representations were tendered'." *Robinson Helicopter Co., Inc. v. Dana Corp*., 34 Cal.4th 979, 993, 22 Cal.Rptr.3d 352, 102 P.3d 268 (2004).

A California claim for concealment is equivalent to one for fraud.  Essentially, "[w]here failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative misrepresentation is tenuous. Both are fraudulent.  An active concealment has the same force and effect as a representation which is positive in form." *Stevens v. Superior Court*, 180 Cal.App.3d 605, 609, 225 Cal.Rptr. 624 (Cal.App. 2 Dist.1986). Plaintiff is advised that under California law, a cause of action for fraud or deceit requires the plaintiff to establish: (1) a knowingly false representation by the defendant; (2) made with intent to deceive or induce reliance by the plaintiff; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Smith v. Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1152 (S.D. Cal. 2001) (internal citations omitted).

"Every element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with sufficient specificity to allow defendant to understand fully the nature of the charge made. The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and

1    when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157, 2

2    Cal.Rptr.2d 861 (1991) (internal citations omitted) (emphasis added).

3        Similarly, under California law, to establish a claim of deceit based on intentional

4    misrepresentation, the plaintiff must prove seven essential elements: (1) the defendant represented to

5    the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew

6    that the representation was false when the defendant made it, or the defendant made the

7    representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff

8    rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff

9    was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor

10   in causing that harm to the plaintiff.  *Manderville v. PCG & S Group, Inc.*, 146 Cal.App.4th 1486,

11   1498, 55 Cal.Rptr.3d 59 (2007) (citing to Civ.Code §§ 1709 & 1710, & *Engalla*, *supra*, 15 Cal.4th at

12   p. 974, 64 Cal.Rptr.2d 843, 938 P.2d 903.)

13       In the amended complaint, the Plaintiff makes broad conclusory statements that Defendants

14   withheld information about their lending practices, their underwriting strategies, and misrepresented

15   the quality of the loans they were authorizing to the public and to him.  However, any allegations that

16   specifically relate to misrepresentations or concealment are absent.  In essence, none of the specifics

17   required by *Tarmann* are included in the amended complaint (the name of the person who made the

18   misrepresentation, that person's authority to speak, what they said, etc...).  Plaintiff also appears to

19   claim that the lender on the deed was not actually the lender but that MERS was an active participant

20   in the concealment and is improperly listed as a beneficiary of Plaintiff's mortgage thereby inducing

21   Plaintiff's reliance on a false deed of trust causing his damage. (Doc. 3 at pgs. 3-4, ¶¶ 5-8).

22   Although Plaintiff identifies the alleged misrepresentation - that the lender was not the true lender

23   and MERS is improperly listed as a beneficiary of the mortgage - the claim lacks sufficient facts to

24   raise the allegation above the mere level of speculation.  *Bever v. Cal-Western Reconveyance Corp.*,

25   2012 WL 2522563 at *5  (E.D. Cal., June 28, 2012).

26       Finally, Plaintiff is advised that pursuant to section 338(d) of the California Civil Code, a

27   cause of action for fraud must be brought within three years of discovery of the fraud constituting the

28   fraud or mistake.  "The uniform California rule is that a limitations period dependant upon discovery

10

1   of the cause of action begins to run no later than the time the plaintiff learns, or should have learned

2   the facts of his claim." *Cleveland v. Internet Specialities West, Inc.*, 171 Cal. App 4th 24, 31 (2009)

3   (quoting *Gutierrez v. Mofid*, 39 Cal. 3d 892, 827 (1985)).  Plaintiff's claim is based on a loan

4   consummated on April 12, 2006, yet Plaintiff did not file this lawsuit until more than three years

5   after that date.  If Plaintiff did not learn of the alleged until after the three year period, Plaintiff shall

6   so state in any amended pleading and provide specific information on the circumstances preventing

7   his discovery, as well as how and when he realized the fraudulent activities.

8   ### Invasion of Privacy

9       Plaintiff alleges a cause of action for invasion of privacy pursuant to the Article I § 1 of the

10   California Constitution.  A plaintiff alleging an invasion of privacy in violation of California's

11   constitutional right to privacy must establish each of the following: (1) a legally protected privacy

12   interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant

13   constituting a serious invasion of privacy.  *Foley v. Bates,*  2007 WL 1430096 at * 8 (N.D. Cal., May

14   14, 2007) *citing Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1, 40, 26 Cal. Rptr. 2d 834, 865

15   P.2d 633 (1994).  Legally recognized privacy interests are generally of two classes: (1) interests in

16   precluding the dissemination or misuse of sensitive and confidential information ("informational

17   privacy"); and (2) interests in making intimate personal decisions or conducting personal activities

18   without observation, intrusion, or interference ("autonomy privacy"). *Id*. at 35, 26 Cal.Rptr.2d 834,

19   865 P.2d 633.

20       Plaintiff alleges that Defendants authorized disclosure of private information without

21   permission by outsourcing credit checks of their borrowers to determine whether their borrowers

22   were experiencing financial difficulties.  (Doc. 3, pg. 33 at ¶ 120).  Plaintiff's generalized

23   allegations regarding Defendants' practices is not sufficient to state a claim.  Plaintiff has failed to

24   allege how his personal information was disseminated, or rather and how his privacy was invaded in

25   sufficient detail to state a cognizable claim under this theory.

26   ### Injunctive relief based on a Violation of § 2923.5

27       Plaintiff alleges that pursuant to California Civil Code § 2923.5, Defendants are prohibited

28   by statute from recording a notice of default against him, without first contacting him pursuant to the

11

procedure set forth in that section.  Specifically, he alleges that because Defendants failed to contact him in accordance with those procedures, the notices of default were improperly filed against him. These allegations are insufficient to state a claim as Plaintiff's allegations are vague and conclusory. Moreover, to the extent that Plaintiff alleges that Defendants failed to contact him, Defendants were not required to do so.

Section 2923.5 provides, "A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)." Cal. Civ.Code, § 2923.5, subd. (a)(1). Paragraph (2) provides, "A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Id*., § 2923.5, subd. (a)(2). Subdivision (g) provides, "A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact a borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." *Id.*, § 2923.5 subd. (g). In other words, actual contact is not required. Thus, the mere allegation Defendant failed to contact Plaintiff does not establish a violation of the statute.  Plaintiff must provide more information in order to state a plausible cause of action under this theory. Moreover, the remedy for a violation of § 2923.5 is postponement of the foreclosure sale. However, once a foreclosure sale occurs, there is no relief available under § 2923.5.  *See*, *Segura v. Green Tree Servicing*, LLC  2011 WL 2462856, at *5 (E.D.Cal., June 17, 2011);  *Kokopelli Cmty. Workshop Corp. v. Select Portfolio Serv'g, Inc.*, 2011 WL 719489 (S.D.Cal. Feb. 22, 2011)*; Mehta v. Wells Fargo Bank*, N.A., 737 F. Supp. 2d 1185, 1194 (S.D. Cal.2010).  It is unclear what the status of Plaintiff's foreclosure is, however, he should consider this factor when considering to allege this cause of action.

### *Violation of Civil Code § 1792.82*

Plaintiff alleges that Defendants timely failed to disclose his personal information as required under California Civil Code § 1798.82. This section provides that any person or business that conducts business in California, and that owns or licenses computerized data that includes personal

12

1   information, shall disclose any security breach of the system to any California resident whose

2   unencrypted personal information was, or is reasonably believed to have been, acquired by an

3   unauthorized person. California Civil Code § 1798.82.

4          Plaintiff contends that as a result of Defendants' noncompliance with this provision, he

5   suffered direct losses associated with identity theft, reduced credit scores, increased costs of credit,

6   and reduced availability of goods and services tied to credit ratings. (Doc. 3 at pgs. 35-36, ¶¶ 133-

7   135). Similar to the other causes of action contained in this pleading, the amended complaint is

8   wholly unclear as to how these facts support a cause of action. Moreover, there are no facts in the

9   complaint that support Plaintiff's allegations. Plaintiff needs to provide more information in any

10  amended pleading clearly indicating how this law was violated to state a cause of action under this

11  theory.

12                              ***Wrongful Foreclosure***

13         Plaintiff alleges that Defendants had no legal right to initiate foreclosure proceedings against

14  him because they are not the holders of the note and the deed. (Doc. 3 at pg. 36, ¶ 138). However,

15  Plaintiff's theory for this cause of action is unfounded. Under California law, a lender may pursue

16  non-judicial foreclosure upon default with a deed of trust with a power of sale clause. "Financing or

17  refinancing of real property is generally accomplished in California through a deed of trust. The

18  borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the

19  property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale*

20  *Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000). A deed of trust "entitles the

21  lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell,*

22  10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

23         Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any

24  of their authorized agents" may conduct the foreclosure process. Similarly, under California Civil

25  Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale"

26  includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person

27  designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon

28  default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial

1   foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.  A "trustee or mortgagee may

2   be liable to the trustor or mortgagor for damages sustained where there has been an illegal,

3   fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or

4   deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

5       Thus, "under Civil Code section 2924, no party needs to physically possess the promissory

6   note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, §

7   2924(a)(1)).  Rather, "[t]he foreclosure process is commenced by the recording of a notice of default

8   and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.  An

9   "allegation that the trustee did not have the original note or had not received it is insufficient to

10  render the foreclosure proceeding invalid."  *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

11  Simply stated, California law does not require that a trustee produce the original note in order to

12  conduct a non-judicial foreclosure and Plaintiff is advised that this cause of action is not viable.

13  *Chourp v. Ocwen Loan Servicing, L.L.C.*, 2011 U.S. Dist. LEXIS 44044, *10 (S.D.Cal. Apr. 22,

14  2011); *Javaheri v. JPMorgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 36469, *5–*8 (C.D.Cal.

15  Mar. 24, 2011); *Clark v. Countrywide Home Loans, Inc.*, 732 F.Supp.2d 1038, 1043 (E.D.Cal.2010);

16  *Hafiz v. Greenpoint Mortg. Funding*, 652 F.Supp.2d 1039, 1043 (N.D.Cal.2009); see also *Gomes v.

17  Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 121 Cal.Rptr.3d 819 (2011).

18                                    ***Punitive Damages***

19      Plaintiff's amended complaint requests punitive damages.  (Doc. 3 at ¶ 87, pg. 34 at 127).

20  California Civil Code section 3294 ("section 3294") provides that a plaintiff may seek punitive

21  damages "where it is proven by clear and convincing evidence that the defendant has been guilty of

22  oppression, fraud, or malice."  Cal. Civ. Code, § 3294(a). "Although the court will apply the

23  substantive law embodied in section 3294, 'determinations regarding the adequacy of pleadings are

24  governed by the Federal Rules of Civil Procedure.'" *Jackson v. East Bay Hosp.*, 980 F.Supp. 1341,

25  1353 (N.D. Cal. 1997).

26      Punitive damages are "available to a party who can plead and prove the facts and

27  circumstances set forth in Civil Code section 3294."  *Hilliard v. A.H. Robbins Co.*, 148 Cal.App.3d

28  374, 392, 196 Cal.Rptr. 117 (1983).  "To support punitive damages, the complaint . . . must allege

ultimate facts of the defendant's oppression, fraud, or malice." *Cyrus v. Haveson*, 65 Cal.App.3d 306, 316-317, 135 Cal.Rptr. 246 (1976). Pleading the language in section 3294 "is not objectionable when sufficient facts are alleged to support the allegation." *Perkins v. Superior Court*, 117 Cal.App.3d 1, 6-7, 172 Cal.Rptr. 427 (1981).

In *G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22, 29, 122 Cal.Rptr. 218 (1975), the California Court of Appeal explained punitive damages pleading:

> When the plaintiff alleges an intentional wrong, a prayer for exemplary damage may be supported by pleading that the wrong was committed willfully or with a design to injure. . . . When nondeliberate injury is charged, allegations that the defendant's conduct was wrongful, willful, wanton, reckless or unlawful do not support a claim for exemplary damages; such allegations do not charge malice. . . . When a defendant must produce evidence in defense of an exemplary damage claim; fairness demands that he receive adequate notice of the kind of conduct charged against him. (Citations omitted.)

"Allegations that the acts . . . were 'arbitrary, capricious, fraudulent, wrongful and unlawful,' like other adjectival descriptions of such proceedings, constitute mere conclusions of law . . ." *Faulkner v. California Toll Bridge Authority*, 40 Cal.2d 317, 329, 253 P.2d 659 (1953); *see Letho v. Underground Construction Co.*, 69 Cal.App.3d 933, 944, 138 Cal.Rptr. 419 (1997) (facts and circumstances of fraud should be set out clearly, concisely, and with sufficient particularity to support punitive damages); *Smith v. Superior Court*, 10 Cal.App.4th 1033, 1042, 13 Cal.Rptr.2d 133 (1992) (punitive damages claim is insufficient in that it is "devoid of any factual assertions supporting a conclusion petitioners acted with oppression, fraud or malice."); *Brousseau v. Jarrett*, 73 Cal.App.3d 864, 872, 141 Cal.Rptr. 200 (1977) ("conclusory characterization of defendant's conduct as intentional, willful and fraudulent is a patently insufficient statement of 'oppression, fraud, or malice, express or implied,' within the meaning of section 3294").

Plaintiff's amended complaint lacks specific allegations that Defendants acted with malice, oppression or fraud. The amended complaint's mere request for punitive damages and reference to broad allegations of fraud are conclusory and are without illustrative facts. Plaintiff shall cure this deficiency in any amended pleading if he intends to seek punitive damages.

**E.     Leave to Amend the Complaint**

Plaintiff is given leave to amend *the claims that are addressed herein*. In doing so, he shall

15

consider the standards set forth in this order and only file an amended complaint if he believes his claim is cognizable. If Plaintiff chooses to file a an amended complaint, the document shall bear the docket number assigned in this case and be labeled "Second Amended Complaint."  Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth v. Humana, Inc.*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.   Within **thirty (30) days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order, and

2.   **Plaintiff is advised that failure to file an second amended complaint within the time specified, will result in dismissal of this action for failure to obey a court order.**

1      IT IS SO ORDERED.

2      **Dated:**   **August 23, 2012**                 **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28