# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROY MARTINEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>    Defendants. | 1:11-cv-2061 AWI GSA<br><br>**ORDER DENYING MOTION TO DISMISS AS MOOT**<br><br>(Document 10) |

On December 14, 2011, Plaintiff filed a complaint against Bank of America Corporation, BAC Home Loans Servicing, Countrywide Financial Corporation, America's Wholesale Lender, Quality Loan Service Corporation, the Mortgage Electronic Registration System, and the Federal Home Loan Mortgage Corporation alleging unlawful mortgage practices and the unlawful foreclosure of his home.  (Doc. 1).  Plaintiff was granted in forma pauperis status and was advised that his complaint would be screened by the Court in due course. (Doc. 4).

Subsequently, Plaintiff filed a First Amended Complaint on December 15, 2011, naming the same Defendants and alleging identical causes of action.  (Doc. 3).  Prior to the Court's issuance of any summons pursuant to Rule 4 of the Federal Rule of Civil Procedure, on February 16, 2012, Defendants Bank of America, N.A. erroneously sued as Bank of America Corporation;

1

Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP *fka* Countrywide Home Servicing, LP (simply "BANA"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Federal Home Loan Mortgage Corporation ("Freddie Mac") filed a Motion to Dismiss Plaintiff's complaint.[1] (Doc. 10). On March 7, 2012, Chief Judge Anthony Ishii referred Defendant's motion to the magistrate judge for consideration, as well as to allow this Court to screen Plaintiff's complaint. (Doc. 12).

Upon a review of the procedural posture of this case, the Court has determined that screening Plaintiff's complaint is the most efficient use of judicial resources as the issues raised in the Motion to Dismiss are addressed in the screening order. Accordingly, the Court screened Plaintiff's complaint and gave him leave to amend, thereby mooting Defendants' Motion to Dismiss. Defendants are advised that the Court will screen any amended pleading filed by Plaintiff and if cognizable claims are present, will authorize the Clerk's office to issue the appropriate summons. If Defendants wish to file a Motion to Dismiss after any summons has been issued, they may do so. Otherwise, filing a Motion to Dismiss prior to that time is premature as there are currently no pending cognizable claims.

IT IS SO ORDERED.

Dated:   **August 23, 2012**                              /s/ **Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Although the operative complaint was the First Amended Complaint, the Motion to Dismiss only references the initial complaint filed.

2