1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT ROY MARTINEZ, | ) | 1:11-cv-2061 AWI GSA |
| | ) | |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATION** |
| | ) | **RECOMMENDING DISMISSAL OF THIS** |
| | ) | **ACTION** |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, CORPORATION, | ) | (Doc. 21) |
| a Corporation, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff, Roy Martinez, ("Plaintiff") filed this civil action against Defendants, Bank of America  Corporation; Bank of America, N.A.; Countrywide Financial; America's Wholesale Lender; Quality Loan Service Corporation; Mortgage Electronic Registration Systems, Inc. ("MERS"); and Federal Home Loan Mortgage Corporation, alleging unlawful mortgage practices and the unlawful foreclosure of his home.   (Doc. 1).  Subsequently, Plaintiff filed an identical complaint entitled "Amended Complaint for Damages" naming the same Defendants and alleging the same causes of action.  (Doc. 3).

On August 23, 2012, the Magistrate Judge issued an Order Dismissing Plaintiff's Complaint with Leave to Amend. (Doc. 21).   The Court ordered that Plaintiff be allowed to file a Second Amended Complaint.  Plaintiff was ordered to serve the amended pleading within thirty (30) days of the service of the order.  To date, Plaintiff has failed to comply with this Court's order.

///

1

**DISCUSSION**

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is

greatly outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an amended complaint was clear that dismissal would result from non-compliance with the Court's order. (Doc. 21, at pg. 16, lines 14-16).

## RECOMMENDATION

Based on the above, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply with a court order.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **October 10, 2012**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

3